DAMOORGIAN, J.
Jeremy Lee Smith appeals his conviction and sentence for manslaughter. This case involved the death of a fourteen-month old child who Smith was babysitting at the time of the child’s death. Smith raises two issues on appeal. He argues that the trial court erred by denying his motion for judgment of acquittal and in allowing testimony regarding his drug use on the night before the commission of the crime. We affirm.
Regarding the first issue, at the conclusion of the State’s case, Smith moved for a judgment of acquittal, arguing that the State’s circumstantial evidence case did not refute the reasonable hypothesis of innocence that the child’s death was accidental. The State counters that it introduced direct evidence rebutting Smith’s theory of how the death occurred. This evidence included medical expert testimony that the cause of death was blunt trauma to the head, and that the child’s injuries were inconsistent with the scenario expressed by Smith that the child fell off a bed onto a carpeted floor.
The testimony in this ease rebutted Smith’s theory of the victim’s injuries similar to Caban v. State, 892 So.2d 1204 (Fla. 5th DCA 2005). In Caban, the defendant argued “that the court erred in denying his motion for judgment of acquittal because the evidence did not exclude every hypothesis of innocence.” Id. at 1207. The Fifth District affirmed the denial of the judgment of acquittal. Id. at 1208. In reaching its holding, the court noted the extensive medical evidence presented at trial. See id. This is precisely what occurred in this case. Accordingly, the trial court did not err in denying the motion for judgment of acquittal.
Next, Smith argues that the trial court erred in admitting portions of his statement made to police about his drug use the night before the incident. Smith claims that the evidence of these uncharged crimes “was not inextricably intertwined with the facts of the alleged homicide and became a feature of the trial.” See Griffin v. State, 639 So.2d 966, 968 (Fla.1994) (providing that evidence which is inseparable from the crime charged is admissible under section 90.402 because “it is a relevant and inseparable part of the act which is in issue.... [I]t is necessary to admit the evidence to adequately describe the deed”) (quoting Charles W. Ehrhardt, Florida Evidence § 404.17 (1993 ed.)). Smith’s argument is without merit.
The State correctly points out that Smith’s drug use was inextricably intertwined because the State “needed to establish the entire context in which the injury occurred, Smith’s state of mind when [the child’s] injury took place, and his motive to commit the manslaughter/murder.” See Bradley v. State, 787 So.2d 732, 742 (Fla.2001) (“[I]t is permissible to introduce evi *413 dence which helps put the entire case in perspective to the extent, of course, that its relevance is not substantially outweighed by its prejudicial effect.”) (citation omitted).
Smith’s drug use the night before the incident adequately described the events leading up to the charged crimes. According to Smith’s testimony, he did not want to take care of the child on the date of the incident because he was using drugs. See Caruso v. State, 645 So.2d 389, 394 (Fla.1994) (holding that testimony “regarding Caruso’s drug-related activities established the relevant context in which the criminal acts occurred, Caruso’s state of mind when the murders took place, and his motive to commit a burglary, which in turn was relevant to the State’s felony-murder theory”); see also McGirth v. State, 48 So.3d 777, 787 (Fla.2010) (“[Ejvidence as to the defendant’s drug-based relationship with the victims’ daughter was relevant and inextricably intertwined with the crimes charged” because it explained the events leading up to the murders.).
Based upon the foregoing, we affirm Smith’s judgment and sentence.

Affirmed.

MAY, C.J., and CONNER, J., concur.